IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**NAOMI S. MENDEL**                                                                                      **PLAINTIFF**

**VERSUS**                                                  **CIVIL ACTION NO.  1:18cv34-LG-RHW**

**KIM SLOAN,** *et al*.                                                                                **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

      Before the Court are the *pro se* Plaintiff's motions for leave to proceed *in forma pauperis* (IFP).  [2], [4]  On February 5, 2018, Naomi Mendel filed this lawsuit against Kim Sloan and two other child protective workers, the county/youth court judge and the prosecuting attorney of Pearl River County, complaining of her limited contact with her children and court proceedings regarding the children.[1]  A motion for leave to proceed *in forma pauperis* [IFP] accompanied the complaint.  [2]  On February 12, 2018, the Court ordered Mendel to provide additional information by March 5, 2018, by completing and filing with the Clerk of Court the Long Form Application to Proceed in District Court Without Prepaying Fees or Costs (AO 239, Rev. 01/15).  [3]  The Court mailed Mendel a copy of the form along with a copy of the order.  Mendel completed the long form and filed it as a second motion for leave to proceed IFP.  [4]

      The Court has examined Mendel's application which states her average monthly income is $926 which consists of $350 public assistance and $576 "childrens (*sic*) social security." Mendel indicates her employment ended in June 2017, and states she has a total of $9 cash, $3.95 on a Walmart money card, $3 in a savings account, and a trailer valued at $50.  She lists total monthly expenses of $1800, consisting of $800 for rent, $600 for utilities, $375 for food and $25 for laundry/dry cleaning.  Where a plaintiff's financial information shows that a filing fee would

---

[1]"They are trying to terminate my rights and adopt my children out on 2/14/2018."

cause "undue financial hardship," the Court has discretion to reduce or waive the fee. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Upon the information provided in her applications, the undersigned finds Mendel should be allowed to proceed without the prepayment of fees.

While the Court may allow Mendel to proceed without the prepayment of fees under 28 U.S.C. § 1915(a), the court must "dismiss [an IFP] case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute applies to civil actions as well as prisoner lawsuits [*Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002)], and it "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). Under the statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *Jones v. McDuffie*, 539 F.App'x 435 (5th Cir. 2013)(*per curiam*)(internal quotation marks omitted). The Court may also dismiss the case if there is no basis for federal subject matter jurisdiction.

Mendel's civil cover sheet indicates jurisdiction is based on federal question; in the *pro se* complaint form, she checked both federal question[2] and diversity of citizenship as the basis for

---

[2] Mendel cites as specific federal statutes or Constitutional provisions at issue: 18 U.S.C. § 242, a criminal statute; U.S. Const. Amendments 1, 5, 6 and 14; and case law involving (1) involuntary mental hospital confinement (*O'Connor v. Donaldson*, 422 U.S. 563 (1975) and (2) constitutionality of a Washington statute regarding grandparents' visitation rights (*Troxel v. Granville*, 530 U.S. 57 (2000).

federal court jurisdiction, identifying herself as a Pennsylvania resident and all defendants as resident citizens of Mississippi. [1, pp. 4-7]

The undersigned is of the opinion that Mendel has failed to demonstrate subject matter jurisdiction. "The requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'" *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, Coldwater & Lake Mich. Ry. v. Swan*, 111 U.S. 379, 382 (1884)). Federal Courts are courts of limited jurisdiction; it is presumed "that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Subject matter jurisdiction must be affirmatively shown before the District Court considers the merits of a case. See *Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 582-583 (1999). The Court must, on its own initiative, inquire into its subject matter jurisdiction; it may raise the jurisdictional issue *sua sponte* at any time, and has a "continuing obligation to examine the basis for jurisdiction." *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); FED.R.CIV.P. 12(h)(3).

The undersigned appreciates the duty to liberally construe Mendel's *pro se* complaint and take as true all well-pleaded allegations but, "Even a liberally construed *pro se* civil rights complaint ... must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citations omitted). A complaint filed in this Court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief..." FED.R.CIV.P. 8(a)(1) and (2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. 662, 678 (citing *Twombly*, 550 U.S. at 556).

> Mendel's complaint [1, p. 7] in the case at bar states:
>
> I have suffered for 4 years with minimal contact with my babies as well as my other children violating rights, failure to allow witnesses forcing hair follical (*sic*) testing every 3 months for 2 years violation of due process, civil, Constitutional and family rights, abuse of color of law, coercion.

Mendel's statement of claim alleges:

> October 4, 2014 kidnapped my children.
> October 16th I believe they held court without me present
> Foster parents changed daughters last name illegally 2016
> 2017 foster parents denied contact
> 2017 Kim Sloan told me "to just give up." Plan changed to adoption as I was only allowed 1 visit.

The relief Mendel asks the Court to order is:

> Immediate return of my children as they are trying to terminate my rights and adopt my children out on 2/14/18.
> My life for the last 4 years has been hell on earth and I have lost out on 4 years of my children, pain, suffering, mental anguish, violations of civil, constitutional and family rights.  Kim Sloan telling me "why don't you just give up." Told I could not have my divorce unless I signed termination of parental rights.

Mere legal conclusions are insufficient to meet the pleading requirements for alleged constitutional violations.  *Ashcroft,* 556 U.S. at 678-79.

Initially, the Court notes that all defendants in the case at bar appear to be state employees, who may enjoy sovereign immunity from suit for acts in their official capacities.  *See Richardson v. Southern University*, 118 F.3d 450, 452 (5th Cir. 1997).  An non-consenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.  *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984).  The

immunity provided by the Eleventh Amendment bars lawsuits against state agencies that are considered arms of the state. *See Richardson*, 118 F.3d at 452; *William v. Berry*, 977 F. Supp. 2d. 621, 628 (S.D. Miss. 2013). Additionally, judicial and prosecutorial immunity may bar the lawsuit against the defendants identified as a judge, and county prosecutor. *See Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003) (absolute prosecutorial immunity encompasses all actions which occur in the course of the prosecutor's role as advocate for the State); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (holding judicial officers entitled to absolute immunity from claims arising out of acts performed in exercise of their judicial functions).

Finally, as a general rule, federal courts abstain from exercising jurisdiction over cases involving child custody. *See Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078-79 (5th Cir. 1990); *Rykers v. Alford*, 832 F.2d 895, 899-900 (5th Cir. 1987); *Franks v. Smith*, 717 F.2d 183, 185 (5th Cir. 1983). Regardless of whether Mendel is seeking a child custody decree from this Court or challenging a prior state court custody determination, this Court lacks jurisdiction over the issue of child custody. As the Supreme Court has held, federal courts do not have jurisdiction over collateral challenges to child custody determinations by state courts. *See Lehman v. Lycoming County Children's Services*, 458 U.S. 502, 510-12 (1982). Even if there is no state court decree in effect, the domestic relations exception to federal diversity jurisdiction divests federal courts of the power to issue child custody decrees in the first instance. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-03 (1992).

## **RECOMMENDATION**

Based upon the foregoing, the undersigned recommends that Mendel's motions to proceed IFP be granted, but that the complaint be dismissed for her failure to demonstrate subject

matter jurisdiction over her child custody claim or to state a claim for any constitutional violation.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation (R&R), a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the R&R.  The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.  The District Court need not consider frivolous, conclusive, or general objections.  Opposing parties have seven days after being served with objections, to serve and file a response or to notify the District Judge they do not intend to respond to the objections.  Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 8th day of March, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE